UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL DANOS, ET AL.                                    CIVIL ACTION

VERSUS                                                           NO. 22-1314

SOUTHERN FIDELITY INSURANCE                   SECTION "R" (1)
COMPANY, ET AL.

## ORDER AND REASONS

Before the Court is plaintiffs' unopposed motion to remand this matter to the 24th Judicial District Court for the Parish of Jefferson.[1] For the following reasons, the Court grants plaintiffs' motion.

## I.    BACKGROUND

This is a property insurance dispute arising from damage caused by Hurricane Ida in 2021.[2]  Plaintiffs commenced this action in the 24th Judicial District Court for the Parish of Jefferson against Southern Fidelity Insurance Company ("Southern Fidelity").[3]  Southern Fidelity removed this case on May 12, 2022 on the basis of diversity jurisdiction.[4]

---

[1]    R. Doc. 17.
[2]    *See generally* R. Doc. 1-2.
[3]    *See generally* R. Doc. 1.
[4]    R. Doc. 1.

Subsequently, plaintiffs' claims against Southern Fidelity were stayed because Southern Fidelity was declared insolvent and placed into liquidation by the Second Judicial Circuit Court in Leon County, Florida.[5]  On November 28, 2022, plaintiffs filed an amended complaint adding the Louisiana Insurance Guaranty Association ("LIGA") as the defendant in this case.[6]  Now, plaintiffs move to remand this case because LIGA's presence destroys complete diversity.[7]  Plaintiffs' motion is unopposed.[8]  The Court considers the motion below.

## I.    LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).   In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions

---

[5]     R. Doc. 8.
[6]     R. Doc. 12.
[7]     R. Doc. 17.
[8]     R. Doc. 17-1 at 2.

of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.  *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, No. 95-668, 1995 WL 419901, at *2 (E.D. La. July 13, 1995).  Though the Court must remand the case to state court if at any time before the final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal.  28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).  Having a plaintiff and a defendant who are citizens of the same state ordinarily destroys complete diversity.  *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).

## II.   DISCUSSION

Plaintiffs move to remand on the grounds that plaintiffs' addition of LIGA—a Louisiana citizen for jurisdictional purposes—as a defendant in this case vitiates the Court's subject matter jurisdiction.  At the outset, the Court notes that defendants do not oppose the motion to remand. "This alone provides sufficient grounds to remand." *Brown v. Heintz*, No. CV 16-13697, 2017 WL 604034, at *2 (E.D. La. Feb. 15, 2017) (collecting cases).  But remand is also warranted for the reasons set forth in plaintiffs' motion.  LIGA is an unincorporated association and "has the citizenship for diversity purposes of each of its constituent member insurers." *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991).  Multiple sections of this Court have remanded cases because LIGA has constituent member insurers based in Louisiana. *See, e.g.*, *Soza v. S. Fid. Ins. Co.*, No. 22-985, 2023 WL 315948, at *1 n.3 (E.D. La. Jan. 19, 2023) (Ashe, J.); *14th St. Properties, LLC v. S. Fid. Ins. Co.*, No. CV 22-1593, 2023 WL 416317, at *1 (E.D. La. Jan. 26, 2023) (Brown, C.J.).  Here, LIGA does not contest that it is a citizen of Louisiana for jurisdictional purposes.   Accordingly, the Court grants plaintiffs' motion.

## III.  CONCLUSION

For all of the foregoing reasons, plaintiffs' motion is GRANTED. The Court hereby REMANDS this matter to the 24th Judicial District Court for the Parish of Jefferson.

New Orleans, Louisiana, this __14th__ day of April, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE